[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Milford on September 8, 1979. There are two children issue of the marriage Ryan, born October 23, 1988 and Gavin, born November 10, 1987.
The marriage has broken down irretrievably with no hope of reconciliation. Both parties are equally at fault for the breakdown. It would serve little purpose to detail the actions of the parties that caused the breakdown. It is CT Page 2869 dissolved.
There is not enough income in the marriage to solve their problems which will result from the dissolution. Hence both parties will have to curtail their spending drastically and, it is obvious, that the plaintiff will have to get a job.
Custody of the children is awarded jointly to the parties with the children living with the plaintiff. The defendant shall move out of the family home at 15 Reed Street in Milford within one week after this Memorandum of Decision has been issued and thereafter the plaintiff and the children shall have exclusive possession of the premises. The defendant shall have reasonable and flexible rights of visitation with the children and, after he has established a permanent residence, he shall have visitation with them every other weekend from Friday 6:00 P.M. to Sunday 6:00 P.M.; Tuesdays and Thursdays from 5:00 to 8:00 P.M.; two continuous weeks during the summer and one week in the winter. The defendant shall have the children on his birthday and on Father's Day and the plaintiff shall have the children on her birthday and on Mother's Day. The defendant and the plaintiff shall alternate the following legal holidays: Martin Luther King's Day, Memorial Day, July 4th, Labor Day, Columbus Day, Thanksgiving, Christmas and New Year's Day. Neither shall have the children for the same holiday for two consecutive years.
The plaintiff shall consult with the defendant on any non-emergency matters prior to any substantive change in the children's educational pursuits, living arrangements, etc. In the event of an emergency the plaintiff shall make all reasonable efforts to contact and consult with the defendant to the extent that he is available concerning the emergency.
The plaintiff may occupy the family house at 15 Reed Street in Milford with the children, until the occurrence of one of the following events:
 a. Death of the plaintiff b. Remarriage of the plaintiff c. Cohabitation of the plaintiff as set out in the Connecticut General Statutes d. The plaintiff no longer wants to reside there e. The younger child reaches the age of eighteen
Upon the occurrence of one of the aforementioned events, the property will be sold at an agreed price and the net proceeds, after payment of first mortgage, equity loan, CT Page 2870 conveyance taxes, agents commission and closing costs shall be divided equally between the parties.
The plaintiff shall pay the first mortgage which includes principal, interest, taxes and homeowners insurance so long as she occupys the family home. The defendant shall pay the interest on the equity loan during the plaintiff's occupying of the family home. The plaintiff shall be responsible for repairs up to $250 but repairs over that amount shall be shared equally by the parties.
The defendant shall pay any arrearages on the first mortgage, equity loan and utilities and make such liabilities current as of the date of this judgment. Thereafter the plaintiff will put all the utilities in her name and be responsible for the payment of the same.
The defendant shall pay to the plaintiff the sum of fifty ($50) per week as alimony until the first occurrence of one of the following events;
 a. Death of the plaintiff b. Remarriage of the plaintiff c. Cohabitation of the plaintiff as set out in the Connecticut General Statutes d. The passage of five (5) years from the date of this judgment Such alimony shall be non-modifiable as to the duration of its term.
The defendant shall pay the plaintiff the sum of One Hundred and Fifty Hundreths Dollars ($100.50) per week, per child, as child support until that child is emancipated.
The defendant may take the two children as exemptions for tax purposes both federal and state. The plaintiff shall sign any and all documents necessary to effectuate this order.
The defendant shall provide medical and dental insurance for the benefit of the children as available to him through his employer. All uninsured medical and dental expenses shall be shared equally by the parties. No expenses of a non-emergency matter that costs more than One Hundred ($100) Dollars shall be incurred by the plaintiff without the consent of the defendant, whose consent shall not be unreasonably withheld.
The contents of the family house at 15 Reed Street in Milford as set out in Schedule A attached hereto shall be CT Page 2871 divided by the parties. Should they not be able to agree on any or all items, the court retains jurisdiction of this matter and will hold any necessary hearings thereto and render any decision required.
The defendant will name each child beneficiary of a Fifty Thousand ($50,000) Dollar life insurance policy on his life so long as there is a duty to support that child. He shall also name his attorneys co-trustees of said insurance.
The plaintiff shall retain the I.R.A. of $2,126.00 which the defendant funded and the plaintiff cashed.
The plaintiff shall pay the following bills listed on her Financial Affidavit dated March 20, 1991: J.C. Penney, Dr. Fink, World Book, Dr. Rauch.
The defendant shall pay the following bills listed on his Financial Affidavit dated March 20, 1991: Sears, Loan from Parents, Master Card, SNET, U.I., Cablevision, Milford Bank, CT National Bank, Connecticut Refining Co., New Haven Water Co., Peter Kane, Milford Hospital, Milford Surgical Associates.
The parties shall each pay one half of the following bills listed on either or both of their Financial Affidavits: Howes Drug Store, Donald Buckley, Milford Mental Health, Nationwide Insurance Co.
The plaintiff shall retain the 1988 Toyota and the defendant shall sign all documents necessary to pass title to the plaintiff which title the plaintiff will record immediately. The defendant shall retain the 1983 Ford Fairmont and the 1973 Triumph Motorcycle. The plaintiff shall retain her collection of dolls.
Each party shall pay the fees of their own counsel.
THOMAS J. O'SULLIVAN, TRIAL REFEREE